IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MODESTO A. COVARRUBIAS,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES DISTRIC COURT FOR THE DISTRIC OF NEBRASKA,<br><br>Defendant. | 8:18CV283<br><br>MEMORANDUM AND ORDER |

Plaintiff filed a Complaint on June 21, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis.¹ (Filing No. 7.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is an inmate currently confined at the Omaha Correctional Center in Omaha, Nebraska. Plaintiff sues the United States District² Court for the District of Nebraska (hereinafter "the Court") seeking damages for an allegedly excessive sentence Plaintiff received in August 2013. Plaintiff alleges he received a sentence of 3 to 5 years for defacing a firearm when "the g[u]ide line Section 708 Swiss Confederation Coat of arm states that for deface Chapter 33-Emblems, Insignia

---

¹ The court previously dismissed this matter on September 20, 2018, because Plaintiff failed to show cause why his case should not be dismissed for failure to pay the initial partial filing fee. (Filing Nos. 13 & 14.) Shortly thereafter, Plaintiff paid his initial partial filing fee and the court vacated the order and judgment dismissing this matter and directed that the case be reinstated on the court's pro se docket. (Filing No. 15.)

² The Complaint misspells "District" as "Distric." The court will utilize the correct spelling throughout this order.

and Names the maximum [is] 1 year or $1000 fine." ([Filing No. 1 at CM/ECF pp. 2–3](#).)

A search of Nebraska state court records, available to this court through the Nebraska Judicial Branch's JUSTICE website, reveals that Plaintiff is referring to a case in the Lancaster County District Court of Nebraska in which he was sentenced to 3 to 5 years' imprisonment after he pleaded no contest to the sole charge of possession of a defaced firearm arising out an offense on August 17, 2013. The court takes judicial notice of the state court records related to this case in *State v. Modesto A. Covarrubias*, Case No. CR13-1293, District Court of Lancaster County, Nebraska. *See [Stutzka v. McCarville](#), 420 F.3d 757, 760 n.2 (8th Cir. 2005)* (court may take judicial notice of judicial opinions and public records).

For relief, Plaintiff seeks $8,000,000.00 in damages.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* [28 U.S.C. §§ 1915(e)](#) and [1915A](#). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](#); [28 U.S.C. § 1915A(b)](#).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *[Bell Atlantic Corp. v. Twombly](#), 550 U.S. 544, 569-70 (2007)*; *see also [Ashcroft v. Iqbal](#), 556 U.S. 662, 678 (2009)* ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

2

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff's Complaint seeking damages based on his allegedly excessive criminal sentence must be dismissed because (1) this action cannot proceed against the Court and (2) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

First, the Court is a federal governmental entity. "'[S]overeign immunity shields the Federal Government and its agencies from suit.'" *Mader v. U.S.*, 654 F.3d 794, 797 (8th Cir. 2011) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)).

Second, Plaintiff's request for damages for the excessive time he had to spend in prison, (filing no. 1 at CM/ECF p. 2), is clearly barred by *Heck v. Humphrey*. In *Heck*, the Supreme Court held a prisoner may not recover damages

in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See* Heck, 512 U.S. at 486–87.

Here, the Complaint's allegations and Plaintiff's state court records demonstrate that the *Heck* bar is properly invoked. If successful, Plaintiff's claims that his sentence was excessive and violated his constitutional rights necessarily implicate the validity of his conviction and sentence. Plaintiff has not alleged, nor do his state court records indicate, that his conviction or sentence has been overturned or called into question. Therefore, Plaintiff's claims for relief are barred by *Heck v. Humphrey*.

IT IS THEREFORE ORDERED that this matter is dismissed without prejudice. The court will enter judgment by a separate document.

Dated this 10th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge